# MARK ALAN GUTERMAN

*Attorney at Law*

199 MAIN STREET, SUITE 400

WHI

> Application granted in part and denied in part. The Court extends the time for Plaintiff to file the second amended complaint, *nunc pro tunc*, to August 10, 2023. The balance of the request, namely, that the motion to dismiss be stayed pending discovery and/or that Plaintiff be permitted to withdraw the *Monell* claims subject to discovery and later reinstatement of the claims, is denied. The parties are free to stipulate to Plaintiff's withdrawal of the *Monell* claims.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>             August 9, 2023

*Via ECF*

Honorable Philip M. Halpern
United States District Judge
United States District Court
Southern District of New York
300 Quarropus Street, Room 530
White Plains, New York 10601

Re:     Edward Schuyler v. The City of New Rochelle, New Rochelle Police Department,
        Sergeant J. Torres (Badge 10387), Sergeant J. Salerno (Badge 8855), Police Officer
        Nikolas Karales (Badge 1160), and Police Officer A.G. Pina (Badge 11744)
        Docket No. 23-CV-4151 (PMH)

Dear Judge Halpern:

I am counsel for Plaintiff Edward Schuyler in this matter and now submit this letter pursuant to

Section 2 (C) of the Court's Rules.  As stated in more detail, below, Plaintiff seeks relief as regards the

filing of his Second Amended Complaint, as regards the Defendants' motion to dismiss and as regards

discovery issues.  These three items are interrelated.

By way of background, this Court held a pre-motion conference on July 5, 2023.  As a result

of the conference, the Court granted Plaintiff permission to file an Amended Complaint, which it

directed be done by July 7.  The Court also granted Defendants permission to make a motion to

dismiss Plaintiff's *Monell* claim.  The Court stated its strong preference that motions to dismiss not be

made serially.  The Court also expressed the position that the *Monell* claims as stated in the Second

Amended Complaint were likely insufficient and that the need for discovery typically is not available

Hon. Philip M. Halpern, August 7, 2023
Page 2

upon which to avoid dismissal of a legally insufficient *Monell* claim.   Nonetheless, to best of my

recollection, the Court did express the position that Plaintiff have limited discovery even on the *Monell*

claim.  The limitation was based, in part, upon Defendants' counsel's statement that *Monell* claims

typically seek extensive discovery as to a particular type of case, and that it cause a significant

imposition on the Defendants to identify and locate such other cases.

Defendants have served their motion to dismiss, which will be filed with the Court on the

contemplated return date.  Plaintiff's opposition is due to be served by August 10.

I have already served Plaintiff's first set of discovery demands.  In conversation, Defendants'

counsel has indicated that none of the named Defendants actually possess any responsive documents,

as those documents are maintained by the City Court, a state entity not named in the action.  I have also

expressed to counsel the concept that Plaintiff would concede the motion and withdraw the *Monell*

claim, provided that limited discovery, as I recall being contemplated by the Court, take place, with the

result that if the discovery does reasonably support it, Plaintiff could move to reinstate the *Monell* claim.

In this regard, the Court would still have final say as to whether any discovery sought is beyond the

scope of what the Court - - as I recall from the conference - - was willing to permit.

Based upon the above, Plaintiff requests that this Court either adjourn the Defendants' motion

to a date beyond the close of discovery, or, alternatively, permit the limited discovery described herein,

despite a present withdrawal/dismissal of the *Monell* claim.  Should the Court grant either aspect, then

we also seek to enlarge the time in which Plaintiff may file the Second Amended Complaint.  Review of

the Pacer website shows that, to my great dismay, the Second Amended Complaint was not filed until

July 19 and was therefore rejected by the Clerk's Office.  I am certainly embarrassed by my having not

Hon. Philip M. Halpern, August 7, 2023
Page 3

complied with the Court's directive, which issued as an accommodation to the Plaintiff.  Nonetheless, I

ask that the Court grant a new date by which to file the Second Amended Complaint.  It would appear

that there is no prejudice to the Defendants whose motion to dismiss is brought in light of the specific

allegations of the Second Amended Complaint.

Respectfully,

*Mark A. Guterman*

MARK A. GUTERMAN

MAG:jao