UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWARD SCHUYLER,

                              Plaintiff,

                -against-                                      **ORDER**

THE CITY OF NEW ROCHELLE, et al.,                    23-CV-04151 (PMH)

                              Defendants.
------------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

Edward Schuyler ("Plaintiff") brings this action against the City of New Rochelle (the "City"), the New Rochelle Police Department ("NRPD"), Sergeant J. Torres ("Torres"), Sergeant J. Salerno ("Salerno"), Police Officer Nikolas Karales ("Karales"), and Police Officer A.G. Pina ("Pina," together with Torres, Salerno, and Karales, "Individual Defendants" and collectively, "Defendants"), alleging claims of false arrest and false imprisonment, malicious prosecution, intentional or negligent infliction of emotion distress, and claims under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("*Monell*").[1] The operative pleading is Plaintiff's Second Amended Complaint, which was filed on consent of Defendants on August 10, 2023. (Doc. 19, "SAC").

Pending presently before the Court is Defendants' partial motion to dismiss the Fourth and Fifth *Monell* claims for relief alleged in the Second Amended Complaint. (Doc. 20; Doc. 21; Doc. 22, "Def. Br."). Plaintiff opposed the motion (Doc. 23; Doc. 24, "Pl. Br."), and the motion was fully briefed with the filing of Defendants' reply. (Doc. 25, "Reply").

For the reasons set forth below, Defendants' partial motion to dismiss is GRANTED.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

**BACKGROUND**

Plaintiff alleges that he and his wife had a verbal dispute regarding home repairs which prompted his wife to call 911. (SAC ¶¶ 11-12). The NRPD dispatcher believed the dispute was leading to a possible suicide by the wife and dispatched defendants Torres, Karales, and Pina. (*Id*. ¶¶ 12, 14). Plaintiff alleges that these responding officers "coached" his wife into changing her story of the events leading to the 911 call until she eventually "said words that satisfied them to the extent of being able to arrest the Plaintiff for assault." (*Id*. ¶ 15). Plaintiff thereafter voluntarily appeared at the NRPD as requested and was taken into custody. (*Id*. ¶¶ 17-18). He was charged with Assault in the 3rd Degree. (*Id*. ¶ 19). Plaintiff's wife chose not to testify at Plaintiff's trial and all charges against Plaintiff were dismissed. (*Id*. ¶ 21).

As relevant to this motion, Plaintiff alleges in his Fourth Claim for Relief that the Individual Defendants developed a practice of insuring that any allegation of domestic abuse by men against woman would result in criminal charges and an order of protection being issued against the man, and that consistent with that practice, officers would coach the complaining woman to make the necessary statements against the man that would allow officers to place the man under arrest. (*Id*. ¶¶ 40-42). Plaintiff alleges that the City and NRPD had actual or constructive notice of this policy, but failed to properly select, train, supervise, investigate, promote, and discipline the Individual Defendants and other police officers; and allowed the policy to be put into place by choosing to take no action to correct officers' misconduct. (*Id*. ¶¶ 45-52).

Plaintiff's Fifth Claim for Relief is similar to the Fourth, except that it alleges that the City and NRPD adopted the supposed policy of insuring that every allegation by a woman of domestic abuse would result in the arrest of the man, and that the Individual Defendants, when arresting Plaintiff, were acting pursuant to this alleged policy. (*Id*. ¶¶ 55-67).

**STANDARD OF REVIEW**

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

**ANALYSIS**

I.      Motion to Dismiss

Under *Monell* and its progeny, a municipality may be held liable where a plaintiff's

constitutional rights are violated because of a municipal policy or custom. *See Jimenez v. City of*

*New York*, No. 18-CV-07273, 2020 WL 1467371, at *3 (S.D.N.Y. Mar. 26, 2020) ("Plaintiff must

plead allegations that 'the government body itself subjects a person to a deprivation of rights or

causes a person to be subjected to such deprivation.'") (quoting *Connick v. Thompson*, 563 U.S.

51, 60 (2011) (emphasis in original)). "[T]o prevail on a claim against a municipality under Section

1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color

of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5)

that an official policy of the municipality caused the injury." *Triano v. Town of Harrison, New*

*York*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012) (quoting *Roe v. City of Waterbury*, 542 F.3d 31,

36 (2d Cir. 2008)).

A plaintiff may satisfy the policy-or-custom requirement under *Monell* by identifying

"either an express rule or regulation, a practice that was so persistent or widespread as to carry the

force of law, or misconduct of subordinate employees that was so manifest as to imply the

constructive acquiescence of senior policy-making officials." *Swinton v. Livingston Cnty.*, No. 21-

1434, 2023 WL 2317838, at *1 (2d Cir. Mar. 2, 2023). "A single incident alleged in a complaint,

especially if it involved only actors below the policy-making level, does not suffice to show a

municipal policy." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 277 (S.D.N.Y. 2010).

"In limited circumstances, a local government's decision not to train or supervise its

employees with respect to their legal duty to avoid violating citizens' rights may rise to the level

of an official government policy for purposes of liability under § 1983." *Greene v. City of New*

*York*, 742 F. App'x 532, 536 (2d Cir. 2018). "But a § 1983 claim against a municipality is at its weakest where it turns on an alleged failure to train or supervise . . . in part because the alleged failure must amount to *deliberate indifference* to the rights of citizens." *Id*. (emphasis in original). A plaintiff, to prove deliberate indifference, is generally required "to prove that the constitutional violation underlying his claim was preceded by a pattern of similar constitutional violations." *Id.*

Defendants contend that the *Monell* claims fail because they are devoid of specific allegations regarding the existence of a policy, custom or practice, and because "[e]ssentially, [P]laintiff starts with his own arrest, works backwards to the existence of a policy that is consistent with that arrest, and then cites his own arrest as proof of the existence of the policy." (Def. Br. at 10-11). Defendants further contend that to the extent Plaintiff is asserting a *Monell* claim based on a failure to train, he has failed to plead specific deficiencies in the training or supervision program which is required to state such a claim. (*Id*. at 12-13). The Court agrees.

A plaintiff cannot establish a *Monell* claim solely on the circumstances of his own case. *See Barkai v. Nuendorf*, No. 21-CV-04060, 2023 WL 2691712, at *35 (S.D.N.Y. Mar. 29, 2023) ("Plaintiff does not point to any instance of Rockland County allegedly implementing this widespread practice beyond his own case. This alone would be fatal to Plaintiff's *Monell* claim, even if he had asserted a viable underlying Constitutional violation."); *see also Bird v. Cnty. of Westchester*, No. 20-CV-10076, 2022 WL 2263794, at *12 (S.D.N.Y. June 23, 2022) ("Plaintiff fails to allege the existence of any other similar incident, which 'dooms Plaintiff's claim because a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality.'" (quoting *Dumel v. Westchester Cnty.*, No. 19-CV-02161, 2021 WL 738365, at *5 (S.D.N.Y. Feb. 25, 2021))). Where, as here, a Plaintiff attempts to state a consistent and widespread practice "simply by alleging his own experiences and then

extrapolating" to the rest of the population, a *Monell* claim cannot be sustained. *Rutherford v. Westchester Cnty.*, No. 18-CV-04872, 2020 WL 433841, at \*12 (S.D.N.Y. Jan. 28, 2020).

Plaintiff, in opposition, argues that he has alleged a course of conduct created before his arrest, but offers nothing more than conclusory allegations of a pre-existing policy to support that argument. (Pl. Br. at 8).[2] Further, "Plaintiff's general claim that the County failed to train and supervise its staff is a boilerplate assertion that is insufficient, without more, to state a *Monell* claim." *Dumel*, 2021 WL 738365, at \*6.

Accordingly, Plaintiff's Fourth and Fifth *Monell* claims for relief are dismissed.

## II.   Leave to Amend

Plaintiff, at the conclusion of his opposition brief, devotes one sentence to a request for leave to file a Third Amended Complaint. (Pl. Br. at 11). "'Plaintiff's request to amend, contained solely in [his] opposition memorandum, is procedurally defective since a bare request to amend a pleading contained in a brief, which does not also attach the proposed amended pleading is improper under Fed. R. Civ. P. 15.'" *Zottola v. Eisai Inc.*, 564 F. Supp. 3d 302, 319 (S.D.N.Y. 2021) (quoting *Oden v. Boston Sci. Corp.*, 330 F. Supp. 3d 877, 904 n.4 (E.D.N.Y. 2018)). The nature of Plaintiff's request is especially improper where, as here, Plaintiff has already had multiple opportunities to amend his pleading. (*See* Doc. 1 ¶¶ 1, 2; Doc. 1-1; SAC). As noted above, Plaintiff's *Monell* claims are dismissed due to Plaintiff's failure to allege a consistent and widespread practice by merely alleging his own experience, and for the additional reasons set forth

---

[2] Plaintiff argues that his *Monell* claims are plausible because of the creation of special Domestic Violence and Integrated Domestic Violence Parts in the New York Supreme Court Criminal Term, the establishment of the New York Office for the Prevention of Domestic Violence, the requirement of mandatory arrests for certain domestic violence cases, and news articles concerning instances "in which a husband murders his wife after she obtains an order of protection." (Pl. Opp. at 10). Domestic violence is a "serious and deplorable problem in society." (Reply at 8). However, it is unclear to the Court how the foregoing information concerning domestic violence cures the deficiencies in Plaintiff's *Monell* claims.

herein. Accordingly, "a busy district court need not allow itself to be imposed upon by the presentation of [Plaintiff's] theories" yet another time. *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 258 (2d Cir. 2018).

"The Second Circuit has indicated that 'when a plaintiff does not advise the district court how the complaint's defects would be cured . . . it is not an abuse of discretion to implicitly deny leave to amend.'" *Zottola*, 564 F. Supp. 3d at 319 (quoting *Altayyar v. Etsy, Inc.*, 731 F. App'x 35, 38 n.4 (2d Cir. 2018)). "In particular, where, as here, Plaintiff 'requested leave to amend in a cursory manner without any explanation for how [he] would be able to cure the [Second Amended Complaint's] defects,' the Court may simply deny leave to amend by dismissing the offending Complaint with prejudice." *Id.* (quoting *Altayyar*, 731 F. App'x at 38 n.4). As Plaintiff has offered no explanation for how he would be able to cure the defects in his *Monell* claims, the Court denies Plaintiff's request for leave to further amend.

## CONCLUSION

Based upon the foregoing, Defendants' motion to dismiss the Fourth and Fifth *Monell* claims for relief with prejudice is GRANTED.[3]

The Clerk of the Court is respectfully directed to terminate the motion (Doc. 20).

**SO ORDERED:**

Dated: White Plains, New York
       January 16, 2024

_____

Philip M. Halpern
United States District Judge

---

[3] The Court will not consider the request made in a footnote of Defendants' brief to dismiss the New Rochelle Police Department as a Defendant herein. (Def. Br. at 10 n.2). This request is procedurally improper and may be denied on that basis and without regard to its merits. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."); *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993) ("We do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review.").